UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CORCEPT THERAPEUTICS, INC.,<br><br>              Plaintiff,<br><br>v.<br><br>HIKMA PHARMACEUTICALS USA INC.,<br><br>              Defendant. | Civil Action No.<br><br>21-5034 (JXN) (LDW)<br><br>**PRETRIAL SCHEDULING ORDER** |

**THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on July 13, 2021, and for good cause shown:

**IT IS on this 13th day of July, 2021,**

**ORDERED THAT:**

### I. DISCLOSURES

1.    Fed. R. Civ. P. 26 disclosures are to be exchanged no later than **July 20, 2021**.

### II. DISCOVERY

2.    Fact discovery is to remain open through **July 1, 2022**. No fact discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

3.    The parties may, if not already served, serve interrogatories (limited to twenty-five (25) single questions) and requests for production of documents on or before **July 27, 2021**, to be responded to within thirty (30) days of receipt.

4.    Depositions of fact witnesses and individuals who will give lay opinion testimony based on particular competence in an area are to be completed by **July 1, 2022**. No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege. See Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated.

5. Plaintiff shall serve its Disclosure of Asserted Claims pursuant to L Pat. R. 3.6(b) on or before **July 20, 2021**.

6. Defendant shall serve its Invalidity Contentions pursuant to L. Pat. R. 3.6(c) on or before **August 12, 2021**.

7. Defendant shall serve its Non-Infringement Contentions pursuant to L. Pat. R. 3.6(e) on or before **August 12, 2021**.

8. Plaintiff shall serve its Infringement Contentions pursuant to L. Pat R. 3.6(g) on or before **September 27, 2021**.

9. Plaintiff shall serve its Responses to Defendant's Invalidity Contentions pursuant to L. Pat R. 3.6(i) on or before **September 27, 2021**.

10. The parties shall exchange proposed claim terms for construction pursuant to L. Pat. R. 4.1(a) on or before **October 11, 2021**.

11. The parties shall exchange preliminary proposed constructions and identification of extrinsic evidence pursuant to L. Pat. R. 4.2(a) – (b) on or before **November 1, 2021**.

12. The parties shall exchange identifications of all intrinsic and extrinsic evidence they intend to rely upon in opposing any proposed claim construction, pursuant to L. Pat. R. 4.2(c), on or before **November 15, 2021**. The parties shall thereafter meet and confer to narrow the issues in dispute.

13. The parties shall file a Joint Claim Construction and Prehearing Statement pursuant to L. Pat. R. 4.3 (a) – (e) on or before **November 30, 2021**.

14. The parties shall complete fact discovery relating to claim construction pursuant to L. Pat. R. 4.4 on or before **December 30, 2021**.

15. The parties shall file and serve their opening *Markman* submissions pursuant to L. Pat. R. 4.5 (a) on or before **January 14, 2022**.

16. The parties shall substantially complete production of documents on or before **January 31, 2022**.

17. The parties shall complete expert discovery pertaining to *Markman* issues on or before **February 14, 2022**.

18. The parties shall file and serve their responding *Markman* submissions on or before **March 15, 2022**.

19. On or before **March 29, 2022**, the parties shall submit to the Court a proposed schedule for a *Markman* hearing.

20. Counsel shall confer in a good faith attempt to informally resolve any and all discovery or case management disputes **before** seeking the Court's intervention. See L. Civ. R. 37.1(a)(1); see also L. Civ. R. 16.1(f)(1). Any dispute not resolved shall be brought to the Court's attention by letter or telephone conference after the parties' good faith attempt to resolve the dispute has failed. Counsel shall advise the Court of the specific efforts that were made to resolve the dispute before contacting the Court. **No discovery motion shall be made without prior leave of Court.**

### III.  DISCOVERY CONFIDENTIALITY ORDERS

21. Any proposed Discovery Confidentiality Order agreed to by the parties must strictly comply with Fed. R. Civ. P. 26(c) and L. Civ. R. 5.3. See also Glenmede Trust Co. v. Thompson, 56 F.3d 476 (3d Cir. 1995); Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994). The parties are advised that a sample form of Discovery Confidentiality Order is contained in Appendix S to the Local Civil Rules.

### IV.  FUTURE CONFERENCES

22. There shall be a telephonic status conference before the undersigned on **November 1, 2021 at 2:00 p.m.** The parties shall electronically file concise status letters no later than one week in advance of the conference. Dial-in information for the conference is (888) 684-8852, access code 8948139.

23. The Court may from time to time schedule further conferences as may be required, either *sua sponte* or at the request of a party.

24. Counsel should be prepared to discuss settlement at every conference with the Court. The senior attorney in charge of the case must attend all settlement conferences and client(s) with full settlement authority must attend unless excused by the Court. In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision on the settlement will be the person available for the conference. Confidential settlement letters shall be sent to **LDW_orders@njd.uscourts.gov** at least three business days prior to the conference.

25. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

26. A copy of every pleading, document, or written communication with the Court shall be served on all other parties to the action or may be disregarded by the Court.

### V.  MOTIONS

27. **No motions are to be filed without prior written permission from this Court, excepting motions in lieu of Answer under Fed. R. Civ. P. 12.** These prerequisites must be met

before any motions are filed and the motions will be returned if not met. All calendar or dispositive motions, if permitted, shall comply with L. Civ. R. 7.1(b) and other applicable local and federal rules.

28. Any request for leave to file a motion to add new parties or amend pleadings, whether by amended or third-party complaint, must be filed not later than **March 15, 2022**. Before seeking Court leave to file a motion to amend a pleading, a party shall circulate the proposed amended pleading among all parties in an effort to obtain consent to the amendment. Any request for leave of the Court to file a motion to amend shall contain a redlined version of the proposed amended pleading as an exhibit.

29. All dispositive motions must first be subject to a dispositive motion pre-hearing. Discovery generally must be completed prior to the filing of a dispositive motion.

## VI. EXPERTS

30. All affirmative expert reports shall be delivered by **a date to be determined**. Any such report shall comport with the form and content requirements of Fed. R. Civ. P. 26(a)(2)(B).

31. All responding expert reports shall be delivered by **a date to be determined**. Any such report shall comport with the form and content requirements referenced above.

32. No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his report.

33. Expert discovery, including the depositions of any expert witnesses, shall be completed on or before **a date to be determined**.

## VII. FINAL PRETRIAL CONFERENCE

34. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(e) **at a time and date to be assigned.**

35. All counsel are directed to assemble at the office of plaintiff's counsel not later than ten (10) days before the final pretrial conference to prepare the Final Pretrial Order in compliance with the form and content requirements of the Court. Plaintiff's counsel shall prepare the Final Pretrial Order and shall submit it to all other counsel for approval before submitting it to the Court.

36. The original of the Final Pretrial Order shall be delivered to Chambers in hard copy not later than **three full business days** before the final pretrial conference. All counsel are responsible for the timely submission of the Final Pretrial Order.

5

37. **FAILURE TO FOLLOW THIS ORDER MAY RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**

*s/ Leda Dunn Wettre*
Hon. Leda Dunn Wettre
United States Magistrate Judge

Original:   Clerk of the Court
    cc:   Hon. Julien X. Neals, U.S.D.J.
          All Parties