Charles M. Lizza
William C. Baton
Sarah A. Sullivan
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, New Jersey 07102-5426
(973) 286-6700
clizza@saul.com
wbaton@saul.com

*Attorneys for Plaintiff*
*Corcept Therapeutics, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CORCEPT THERAPEUTICS, INC.,**<br><br>       **Plaintiff,**<br><br>v.<br><br>**HIKMA PHARMACEUTICALS USA INC.,**<br><br>       **Defendant.** | Civil Action No. 21-5034 (EP)(LDW)<br><br>**(Filed Electronically)** |

**CONSENT JUDGMENT**

Plaintiff Corcept Therapeutics, Inc. ("Corcept") and Defendant Hikma Pharmaceuticals USA Inc. ("Hikma"), the parties in the above-captioned action, hereby stipulate and consent to entry of judgment and an injunction in this action as follows:

IT IS this  9th  day of  December , 2022:

ORDERED, ADJUDGED, AND DECREED as follows:

1. This Court has subject matter jurisdiction over this patent infringement action (the "Action") and has personal jurisdiction over the parties for purposes of this Action, including as set forth below in Paragraph 5 of this Consent Judgment.

2. In this Action, Corcept has charged Hikma with infringement of certain claims of United States Patent Nos. 10,195,214; 10,500,216; 10,842,800; and 10,842,801 (together, the "Asserted Patents") in connection with Hikma's submission of Abbreviated New Drug Application ("ANDA") No. 215242, directed to a generic 300 mg mifepristone product indicated to control hyperglycemia secondary to hypercortisolism in adult patients with endogenous Cushing's syndrome who have type 2 diabetes mellitus or glucose intolerance and have failed surgery or are not candidates for surgery (hereinafter, "Hikma's Generic Product"), to the U.S. Food and Drug Administration ("FDA").

3. Hikma has not rebutted the statutory presumption that the Asserted Patents are valid and enforceable in this Action.

4. The submission of ANDA No. 215242 to the FDA for the purpose of obtaining regulatory approval to engage in the commercial manufacture, use, and/or sale of Hikma's Generic Product within the United States of America, including its territories, possessions, and the Commonwealth of Puerto Rico, before the expiration of the Asserted Patents was a technical act of patent infringement with respect to one or more claims of each of the Asserted Patents.

5. Subject to the continued enforceability of this Consent Judgment, the commercial manufacture, use, and/or sale of Hikma's Generic Product within the United States of America, including its territories, possessions, and the Commonwealth of Puerto Rico, before the expiration of the Asserted Patents would infringe one or more claims of each of the Asserted Patents unless and to the extent specifically authorized by Corcept.

6. Until expiration of the Asserted Patents, including any extensions and pediatric exclusivities, Hikma, including any of its successors and assigns, is enjoined from infringing the Asserted Patents, on its own part or through any third party on its behalf, by making, having made, using, selling, offering to sell, importing, or distributing Hikma's Generic Product in or for the United States of America, including its territories, possessions, and the Commonwealth of Puerto Rico, unless and to the extent otherwise specifically authorized by Corcept.

7. Compliance with this Consent Judgment may be enforced by Corcept and its respective successors in interest or assigns.

8. This Court retains jurisdiction over Corcept and Hikma for purposes of enforcing this Consent Judgment.

9. All remaining claims, counterclaims, affirmative defenses, and demands in this Action are hereby dismissed with prejudice and without costs, disbursements, or attorneys' fees to any party—except that Hikma's counterclaims of invalidity or unenforceability (i.e., Counts II, IV, VI, and VIII) are dismissed as moot.

10. Nothing herein prohibits or is intended to prohibit Hikma from maintaining any "Paragraph IV certification" pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) or pursuant to 21 C.F.R. § 314.94(a)(12) with respect to the Asserted Patents.

11. Nothing herein restricts or is intended to restrict the U.S. Food and Drug Administration from approving Abbreviated New Drug Application No. 215242 or Hikma's Generic Product.

_Evelyn Padin_
The Honorable Evelyn Padin, U.S.D.J.

We hereby consent to the form and entry of this Judgment:

Dated: December 8, 2022

| By: | s/ Charles M. Lizza | By: | s/ James S. Richter |
|---|---|---|---|
| | Charles M. Lizza | | James S. Richter |
| | William C. Baton | | MIDLIGE RICHTER LLC |
| | Sarah A. Sullivan | | 645 Martinsville Road |
| | SAUL EWING LLP | | Basking Ridge, New Jersey 07920 |
| | One Riverfront Plaza, Suite 1520 | | (908) 626-0622 |
| | Newark, New Jersey 07102-5426 | | jrichter@midlidge-richter.com |
| | (973) 286-6700 | | |
| | clizza@saul.com | | Charles B. Klein |
| | wbaton@saul.com | | Jovial Wong |
| | | | Sharon Lin |
| | *Attorneys for Plaintiff* | | WINSTON & STRAWN LLP |
| | *Corcept Therapeutics, Inc.* | | 1901 L Street, NW |
| | | | Washington, DC 20036 |
| | | | |
| | | | *Attorneys for Defendant* |
| | | | *Hikma Pharmaceuticals USA Inc.* |

4